UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-09965-SVW | Date | March 18, 2025 |
| Title | *Alsa Refinish LLC v. The Home Depot, Inc.* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [74]

### I.   Introduction

Before the Court is Defendant The Home Depot, Inc's ("Defendant" or "Home Depot") motion for summary judgment. For the following reasons, Defendant's motion is GRANTED.

### II.   Background[1]

Defendant is a retailer that sells home improvement products, including a wide assortment of paints and paint products, at brick-and-motor locations and through its website. Defendant's Statement of Uncontroverted Facts ("DF") ¶¶ 2-4. Defendant often sells paint from third parties. *Id.* ¶ 9. These third parties must agree to a Supplier Buying Agreement ("SBA") with Defendant before selling products on Defendant's website. *Id.* ¶ 10. Customers who wish to buy these third-party products can find those products on Defendant's website by either browsing the website for merchandise or specifically searching for a third-party brand using the website's search bar. *Id.* ¶¶ 13-14.

---

[1] Unless otherwise noted, these facts are undisputed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09965-SVW | Date | March 18, 2025 |
|---|---|---|---|
| Title | *Alsa Refinish LLC v. The Home Depot, Inc.* | | |

Plaintiff Alsa Refinish LLC sells paint products. DF ¶ 19. These products sell for a variety of prices, from as low as $29 to as high as $5,999. DF ¶ 20. Alsa claims to own the following trademarks: "Alsa," "Alsa Chrome Paint," "Alsa Easy Chrome," "Easy Chrome," and "Alsa Refinish," (collectively, the "Alsa Marks"). *Id.* ¶ 29.

Between 2013 and 2019, Plaintiff sold its products on Defendant's website as a third-party vendor (the "Vendor Period"). *Id.* ¶ 77. As a third-party vendor, Plaintiff authorized Defendant to display the Alsa Marks on its website, specifically on the "landing pages" for Plaintiff's products. *Id.* ¶ 79. Landing pages are the webpages on Defendant's website that display Plaintiff's products and allow customers to make purchases.

In 2019, the vendor relationship between Plaintiff and Defendant ended. *Id.* ¶ 93. Upon termination of the relationship, Defendant stopped selling Plaintiff's products on its website and has not sold any of Plaintiff's products since. *Id.* ¶¶ 94-95. It also deactivated all the landing pages for Plaintiff's products. *Id.* ¶ 94.

Because Defendant deactivated all the landing pages for Plaintiff's products and discontinued their sale, customers cannot access any of Plaintiff's products directly on Defendant's website. *See id.* ¶ 97. So if a customer went to HomeDepot.com and searched for "Alsa Easy Chrome," none of Plaintiff's products would appear in the search results. *See id.* ¶¶ 97, 111-116.

But, for at least some time during 2023, if a customer went to a third-party search engine (like Google) and specifically searched for "Home Depot" plus the name of one of Plaintiff's products (i.e., "Home Depot Alsa"), the inactive landing pages for Plaintiff's products appeared in the search engine results. Clicking on those links led to the inactive product pages, which informed users that these products were not available. A representative example of one of the inactive pages is reproduced below:

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09965-SVW | Date | March 18, 2025 |
|---|---|---|---|
| Title | *Alsa Refinish LLC v. The Home Depot, Inc.* | | |



ECF No. 25, Ex. 24.

    Plaintiff brought trademark and related claims against Defendant on November 27, 2023. ECF No. 1. Plaintiff amended its initial complaint twice, culminating in the filing of the Second Amended Complaint ("SAC") on March 14, 2024. ECF No. 25. In its SAC, Plaintiff alleged that it "never intended

:

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09965-SVW | Date | March 18, 2025 |
|---|---|---|---|
| Title | *Alsa Refinish LLC v. The Home Depot, Inc.* | | |

to sell products through Defendant's website or stores" and that it "believes that Defendant has never sold Plaintiff's products on Defendant's websites or stores." SAC ¶ 44.

Defendant moved to dismiss Plaintiff's SAC on September 4, 2024. ECF No. 53. The Court denied Defendant's motion on the grounds that, taking Plaintiff's allegation that it never had a vendor relationship with Defendant as true, Defendant's use of Plaintiff's mark in inactive product pages could confuse consumers into thinking Defendant and Plaintiff had a past affiliation. ECF No. 60. Defendant now moves for summary judgment. ECF No. 74.

### III.   Legal Standard

Summary judgment should be granted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of . . . [the factual record that] demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party satisfies its initial burden, the non-moving party must demonstrate with admissible evidence that genuine issues of material fact exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986) ("When the moving party has carried its burden under Rule 56 . . . its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."). "On an issue as to which the nonmoving party will have the burden of proof . . . the movant can prevail merely by pointing out that there is an absence of evidence to support the nonmoving party's case." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

A material fact for purposes of summary judgment is one that "might affect the outcome of the suit" under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although a court must draw all inferences from the facts in the non-movant's favor, *id.* at 255, when the non-moving party's version of the facts is "blatantly contradicted by the record, so

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09965-SVW | Date | March 18, 2025 |
|---|---|---|---|
| Title | *Alsa Refinish LLC v. The Home Depot, Inc.* | | |

that no reasonable jury could believe it, [the] court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Soremukun*, 509 F.3d at 984.

### IV. Discussion

#### A. Trademark Infringement

Plaintiff's first and primary cause of action is trademark infringement under Section 43(a) of the Lanham Act. A trademark infringement claim has three elements: (1) that Plaintiff possesses a valid trademark; (2) that the defendant used that mark "in commerce . . . in connection with the sale . . . or advertising of any goods or services," and (3) that the defendant used the mark in a manner likely to cause consumer confusion. *JULL Labs, Inc. v. Chou*, 557 F. Supp. 3d 1041, 1051-54 (C.D. Cal. 2021); 15 U.S.C. 1125(a).

While Defendant contests all three elements, this order will focus on the third: likelihood of confusion. "To prevail on a claim of trademark infringement under the Lanham Act, 'a trademark holder must show that the defendant's use of its trademark 'is likely to cause confusion, or to cause mistake, or to deceive.'" *Multi Time Mach., Inc. v. Amazon.com, Inc.*, 804 F.3d 930, 935-36 (9th Cir. 2015) (quotations omitted). "The test for likelihood of confusion is whether a 'reasonably prudent consumer' in the marketplace is likely to be confused as to the origin of the good or service bearing one of the marks. The confusion must be probable, not simply a possibility." *Id.* (quotations omitted).

Here, there is only one "use" by Defendant of the Alsa Marks that could serve as the basis for trademark infringement: Defendant's use of the Alsa Marks in its inactive product landing pages.[2] The

---

[2] The Court acknowledges that Defendant argues that the inactive product landing pages do not constitute "use in commerce" sufficient to serve as a basis for trademark infringement. The Court does not take a stance on this issue, as it is ultimately a

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-09965-SVW | Date | March 18, 2025 |
| Title | *Alsa Refinish LLC v. The Home Depot, Inc.* | | |

question before the Court is thus whether Defendant's use of the Alsa Marks on these pages creates a likelihood of confusion.

Traditionally, courts in the Ninth Circuit evaluate likelihood of confusion through application of the eight-factor test set first articulated in *AMF v. Sleekcraft*.[3] This multi-factor test, however, is "not particularly apt" in cases involving internet search results, as "the *Sleekcraft* test was developed for a different problem—i.e., for analyzing whether two competing brands' *marks* are sufficiently similar to cause consumer confusion." *Multi Time Mach.*, 804 F.3d at 936. This case, while not a pure internet search results case, is closer to the former. After all, Plaintiff does not allege that Defendant's products are so similarly branded to Plaintiff's as to cause consumer confusion. Rather, Plaintiff alleges that after consumers search on the internet for "Home Depot" plus one of Plaintiff's products, the resulting inactive product page on the Home Depot's website causes confusion. This case is thus much more like the internet search result case in *Multi Time Mach.*—where the plaintiff alleged that the search results on the defendant's website caused confusion—than to a traditional trademark case involving two parties using similar brand marks. Accordingly, rather than apply the *Sleekcraft* test, the Court will evaluate likelihood of confusion through application of the two-factor test outlined in *Multi Time Mach.*, which asks courts to consider: "(1) Who is the relevant consumer; and (2) What would he reasonably believe based on what he saw on the screen?" *Id.* at 937.

    i.    **The Relevant Reasonable Consumer**

The Court analyzed this factor in its prior order denying Defendant's motion to dismiss, and its analysis is unchanged. *See* ECF No. 60. In short, the relevant reasonable consumer in this case is "a

---

moot point given that the Court finds no likelihood of confusion.

[3] In full, those factors are: (1) "strength of the plaintiff's mark;" (2) "relatedness of the goods;" (3) "similarity of the marks;" (4) "evidence of actual confusion;" (5) "marketing channels used;" (6) "likely degree of purchaser care;" (7) "defendant's intent in selecting the mark;" and (8) "likelihood of expansion of the product lines." *Toho co. v. Sears, Roebuck & C.*, 645 F.2d 788, 790 (9th Cir. 1981).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09965-SVW | Date | March 18, 2025 |
|---|---|---|---|
| Title | *Alsa Refinish LLC v. The Home Depot, Inc.* | | |

reasonably prudent consumer accustomed to shopping online" who is of moderate sophistication. *Id.* This moderate level of sophistication, combined with "heightened" degree of consumer care exercised by internet purchasers, *see Multi Time Mach.*, 804 F.3d at 937 (explaining that "the default degree of consumer care is becoming more heightened as the novelty of the Internet evaporates and online commerce becomes complacent"), leads the Court to find that this factor "weighs against a likelihood of confusion, but only slightly." Order Denying Def. Mot. to Dismiss at 10, ECF No. 60.

      ii.      What would a reasonable consumer believe based on what they saw on the screen?

At issue is Defendant's use of the Alsa Marks in inactive product landing pages, such as the one below:



|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-09965-SVW | Date | March 18, 2025 |
| Title | *Alsa Refinish LLC v. The Home Depot, Inc.* | | |

The question for the Court is simple: "what would the reasonable consumer believe based on what he saw on the screen?" *Multi Time Mach.*, 804 F.3d at 937. To answer this question, the Court will pay special attention to "the labeling and appearance of the advertisements and the surrounding context on the screen displaying the results page." *Id.* at 936-37.

A reasonable consumer viewing Defendant's inactive product landing pages would believe that Defendant does not sell Plaintiff's products. That is, after all, exactly what the webpage says: "Sorry, there are no products available online or in your local store." This is not confusing or deceptive, as it is true. Defendant no longer sells Plaintiff's products. DF ¶¶ 94-95.

To be sure, there are some context clues on the inactive landing page that may lead consumers to believe that Defendant sold Plaintiff's products in the past. For example, consumers would see that "Alsa Refinish" is one of the "brands" that consumers could select to refine their product searches. Stores like Defendant typically do not provide an option to refine search results by a given brand unless they actually sell products from that brand. Similarly, that there even is a product page for Plaintiff's products, albeit inactive, suggests that Defendant at one point sold those products.

At the motion to dismiss stage, the Court held that this suggestion that Defendant previously sold Plaintiff's products could constitute false association, as Plaintiff alleged that it never sold its products with Defendant. *See* SAC ¶ 44. But now at summary judgment, Defendant brings convincing evidence (which, incredibly, Plaintiff does not contest) that Plaintiff did in fact sell its products with Defendant for six years between 2013 and 2019. DF ¶ 78; *see* Plaintiff's Opp. to Def. Statement of Uncontroverted Facts (failing to object to Defendant's assertion that the two parties had a prior vendor relationship). So that consumers may see the inactive landing pages and think that Defendant previously sold Plaintiff's products is not confusing nor evidence of false association. Quite the contrary, it is an accurate representation of the parties past relationship. Indeed, Defendant *did* previously sell Plaintiff's products for six years.

|  |  : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-09965-SVW | Date | March 18, 2025 |
| Title | *Alsa Refinish LLC v. The Home Depot, Inc.* | | |

In short, the inactive landing pages do not create a false association between Defendant and Plaintiff nor would they confuse a reasonable consumer. Bolstering this conclusion is that Plaintiff fails to bring any evidence of actual confusion. Yes, Plaintiff supplies several posts from online forums for vehicle enthusiasts discussing whether Plaintiff's products were available on Defendant's website. DF ¶¶ 120-122. But these posts were made during the Vendor Period, when Defendant had Plaintiff's permission to use the Alsa Marks on its website. The posts therefore have no bearing on the question at issue: do the inactive product landing pages create a likelihood of confusion. Outside of these irrelevant online forum posts, Plaintiff supplies no evidence of confusion.

### iii. There is no initial interest confusion

Finally, Plaintiff's argument concerning initial interest confusion is unpersuasive. While Plaintiff's opposition brief is far from a model of clarity, it appears to argue (albeit briefly and without explanation) that the inactive product pages constitute initial interest confusion. Initial interest confusion is caused by "the use of another's trademark in a manner calculated to capture initial consumer attention, even though no actual sale is finally completed as a result of the confusion." *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1062-63 (9th Cir. 1999) (quotations omitted). In other words, initial interest confusion is caused by the diversion of consumers' initial interest. *Id.* Importantly, however, "because the *sine qua non* of trademark infringement is consumer confusion, when we examine initial interest confusion, the owner of the mark must demonstrate likely confusion, not mere diversion." *Network Automation*, 638 F.3d at 1149.

Here, it may certainly be the case that, after reaching the inactive landing product pages, consumers move on from that page to Home Depot's website overall, where they may purchase competing products. But at most this is evidence of diversion, not confusion. There is no reason to think that consumers would be confused as to the source of any of the goods on Defendant's webpage, as each product on Defendant's page is clearly labeled. *See* Def. Mot. for Summ. J. Exs. 2, 3, 35, 36 (screenshots of Defendant's product pages which show that competitor products are clearly labeled). "In light of the clear labeling [Defendant] uses on its search results page, no reasonable trier of fact could conclude that [Defendant's webpage]

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09965-SVW | Date | March 18, 2025 |
|---|---|---|---|
| Title | *Alsa Refinish LLC v. The Home Depot, Inc.* | | |

would likely confuse a reasonably prudent consumer accustomed to shopping online as to the source of the goods being offered." *Multi Time Mach.*, 804 F.3d at 938 (holding that Amazon search results showing products competing with the plaintiff's product did not create a likelihood of confusion because the results were clearly labeled).

In sum, on the evidence provided, Plaintiff cannot show that Defendant's use of the Alsa Marks creates a likelihood of confusion. The Court will therefore grant summary judgment on Plaintiff's trademark infringement claim. *See Multi Time Mach.*, 804 F.3d at 935 (explaining that "summary judgment [in trademark cases] may be entered when no genuine issue of material fact exists," including when "there is no likelihood of confusion as a matter of law").

### B. Plaintiff's Other Claims

In addition to trademark infringement claims, Plaintiff also alleged violations of (1) Sections 17200 and 17500 of the California Business Code; (2) California Common law for Trademark Infringement; (3) Common Law Passing Off and Unfair Competition; (4) Trade Name Infringement under Cal. Bus. & Prof. Code § 14415 and California Common Law; and also sought both declaratory relief and injunctive relief under 15 U.SC. § 1116.[4] As explained below, these claims fail for the same reasons as Plaintiff's trademark claims.

---

[4] Plaintiff's SAC originally contained two additional claims—Federal and State Trademark Dilution and injury to business reputation and dilution under California law—but the Court dismissed those claims with prejudice on April 30, 2024. ECF No. 33.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09965-SVW | Date | March 18, 2025 |
|---|---|---|---|
| Title | *Alsa Refinish LLC v. The Home Depot, Inc.* | | |

        **i.**     **Common Law Claims for Unfair Competition and California Business and Professions Code § 17200**

     The Ninth Circuit "has consistently held that state common law claims of unfair competition and actions pursuant to California Business and Professions Code § 17200 are 'substantially congruent' to claims made under the Lanham Act." *Clearly v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994). So just as Plaintiff's federal trademark claims fail, so too do its state common law and Section 17200 claims.

        **ii.**     **False Advertising under California Business and Professions Code § 17500.**

     When a claim for federal trademark infringement is based on the same allegations as a claim for false advertising under California Business and Professions Code § 17500, dismissal of the federal trademark infringement claims necessitates dismissal of the false advertising claims. *See Denbicare U.S.A. Inc. v. Toys "R" Us, Inc.*, 84 F.3d 1143, 1152-53 (9th Cir. 1996), *abrogated on other grounds* (dismissal of plaintiff's Section 17500 claims were proper because plaintiff's Lanham Act claim was properly dismissed). Here, Plaintiff's Lanham Act and False Advertising Claims are grounded in the same allegations. So for the same reasons the Court grants summary judgment on Plaintiff's Lanham Act claims, it will do the same with Plaintiff's false advertising claims.

        **iii.**     **California Common Law Trademark and Trade Name Infringement**

     Also "substantially congruent" with Lanham Act claims are California common law trademark infringement claims and trade name infringement cases. *Playboy Enterprises, Inc. v. Netscape Commc'ns Corp.*, 354 F.3d 1020, 1024 (9th Cir. 2004) (analyzing California trademark law claims together with federal trademark claims); *SunEarth, Inc. v. Sun Earth Solar Polwer Co.*, 846 F. Supp. 2d 1063, 1073 (N.D. Cal. 2012) (citing *Accuride Int'l v. Accuride Corp.*, 871 F.2d 1531, 1534-36 (9th Cir. 1989)) (noting

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-09965-SVW | Date | March 18, 2025 |
| Title | *Alsa Refinish LLC v. The Home Depot, Inc.* | | |

that trademark and trade name infringement are analyzed under "practically indistinguishable" standards). These claims therefore fail for the same reasons as Plaintiff's Lanham Act claims.

    **iv. Declaratory and Injunctive Relief**

  Plaintiff's declaratory and injunctive relief claims are premised on finding that Defendant infringed on Plaintiff's trademark. Since the Court has found that, as a matter of law, Defendant did not commit trademark infringement, Plaintiff's declaratory and injunctive relief claims fail.

  **C. Sanctions**

  "Rule 11 imposes a duty on attorneys to certify by their signature that (1) they have read the pleadings or motions they file and (2) the pleadings or motion is 'well-grounded in fact,' has a colorable basis in law, and is not filed for an improper purpose." *Smith v. Ricks*, 31 F.3d 1478, 1488 (9th Cir. 1994); *see also* Fed. R. Civ. P. 11(b). Any attorney who "signs the paper without such a substantial belief shall be penalized by an appropriate sanction." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

  In its Second Amended Complaint, Plaintiff alleged that it "never intended to sell products through Defendant's website or stores" and that it "believes that Defendant has never sold Plaintiff's products on Defendant's websites or stores." SAC ¶ 44. It was because of this allegation, and this allegation alone, that the Court denied Defendant's motion to dismiss. Now, on summary judgment, overwhelming evidence shows that Plaintiff did in fact sell its products on Defendant's website and did so for 6 years through an explicit sales agreement. Not only that, but Plaintiff no longer contests that it sold products on Defendant's website, essentially contradicting the allegations in its complaint.

:

Initials of Preparer  PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09965-SVW | Date | March 18, 2025 |
|---|---|---|---|
| Title | *Alsa Refinish LLC v. The Home Depot, Inc.* | | |

All this leads the Court to believe that Plaintiff intentionally included false allegations in its Second Amended Complaint, in violation of Rule 11. Accordingly, Plaintiff's counsel, Karthik K. Murthy, is **ORDERED TO SHOW CAUSE** in writing why he should not be sanctioned for making false and misleading allegations to the Court. Plaintiff's must respond to this order to show cause within **10 days** of this Order.

V.   **Conclusion**

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |